JOSEPH SIMON, Appellant, v NORTRAX N.E., LLC, et al., Respondents, et al., Defendants. [941 NYS2d 706]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (O. Bellantoni, J.), dated October 29, 2010, as, upon a jury verdict on the issue of liability, is in favor of the defendants Nortrax N.E., LLC, and Abele Tractor & Equipment Co., Inc., and against him dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents.

On the morning of April 25, 2005, the plaintiff was injured when the dump truck he was operating rolled down an embankment and overturned. The truck had been examined and tested for brake problems three days before the accident. The plaintiff alleges that the accident was caused by brake failure. The truck was designed and manufactured by the defendant John Deere Construction & Forestry Company, also known as Deere and Company (hereinafter John Deere), and leased to the plaintiff's

employer by the defendant Abele Tractor & Equipment Co., Inc. (hereinafter Abele). The defendant Nortrax N.E., LLC (hereinafter Nortrax), is an authorized John Deere dealership and repair company. The plaintiff commenced this action against the defendants asserting causes of action alleging strict products liability against John Deere and negligent repair and maintenance against Nortrax and Abele.

At trial, in support of the causes of action alleging negligent repair and maintenance against Nortrax and Abele, the plaintiff presented the testimony of an expert witness who attributed the accident to a malfunction in the circuit that controlled the hydraulic pumps for the truck's brake system. According to the plaintiff's expert, the only way for a mechanic to diagnose this problem would be to test the braking system with gauges, which the mechanics who had examined the truck three days before the accident on behalf of Nortrax and Abele had not done. At the close of the plaintiff's case, John Deere moved pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against it, arguing that it was entitled to judgment as a matter of law because the plaintiff had presented no evidence that the truck had been defectively designed or manufactured, or distributed without adequate warnings for its use. The plaintiff consented to the dismissal of his complaint insofar as asserted against John Deere, and the Supreme Court granted John Deere's motion. Nortrax then called several witnesses, including an engineer who testified that the truck's brakes did not malfunction on the date of the accident, and that the accident was caused by operator error. After both remaining defendants rested, the plaintiff asked the Supreme Court to give the jury a strict products liability charge against Abele on the ground that it had introduced a truck with defective brakes into the marketplace. The Supreme Court denied the plaintiff's request, and instructed the jury on the defendants' duty to use reasonable care in inspecting and/or repairing the dump truck so that it would be reasonably safe for its intended or foreseeable use. The jury returned a verdict in favor of Nortrax and Abele finding that they were not negligent, and the plaintiff appeals. We affirm the judgment insofar as appealed from.

Contrary to the plaintiff's contention, the Supreme Court properly denied his request to give a strict products liability charge against Abele because the evidence presented at trial did not support such a charge. A party injured as a result of a defective product may seek relief against the product manufacturer, or others in the product distribution chain, if the defect was a substantial factor in causing the injury (*see Speller v Sears*,

*Roebuck & Co.*, 100 NY2d 38, 41 [2003]). "A product may be defective when it contains a manufacturing flaw, is defectively designed or is not accompanied by adequate warnings for the use of the product" (*Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]; *see Speller v Sears, Roebuck & Co.*, 100 NY2d at 41; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106-107 [1983]). Here, the plaintiff presented no evidence at trial that the subject dump truck contained a manufacturing flaw, was defectively designed, or was not accompanied by adequate warnings. Further, while a products liability claim may be established circumstantially where the plaintiff proves that a product has not performed as intended and eliminates all causes of the accident not attributable to the defendant (*see Ramos v Howard Indus., Inc.*, 10 NY3d 218, 223 [2008]; *Speller v Sears, Roebuck & Co.*, 100 NY2d at 41; *Halloran v Virginia Chems.*, 41 NY2d 386, 388 [1977]; *Sideris v Simon A. Rented Servs.*, 254 AD2d 408, 409 [1998]), if the plaintiff fails to prove either of these elements, the "jury may not infer that the harm was caused by a defective product unless [the] plaintiff offers competent evidence identifying a specific flaw" (*Speller v Sears, Roebuck & Co.*, 100 NY2d at 42). Here, the plaintiff's proof was insufficient to allow the jury to circumstantially infer that the truck was defective because the evidence he presented on his own case, which included the testimony of the Nortrax and Abele mechanics who inspected the truck prior to the accident, did not exclude operator error as a cause for the accident. Accordingly, in the absence of evidence of a specific design or manufacturing flaw in the truck, there was no basis for the court to give a strict products liability charge against Abele, and submit the case to the jury on this theory.

Further, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Here, the jury was presented with conflicting evidence as to whether Nortrax and Abele's mechanics properly inspected the truck's brakes, and whether the accident was caused by brake failure or operator error. The jury's determination in favor of those defendants was supported by a fair interpretation of the evidence and, thus, should not be disturbed (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]; *See v Baltic Estates, Inc.*, 90 AD3d 737 [2011]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.